UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MALIBU MEDIA, LLC,

        Plaintiff,

   -against-                                   14 Civ. 8930 (CM)

JOHN DOE,

        Defendant.
----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/14

## RESPONSE TO PRE-MOTION LETTER

McMahon, J.:

      I have received a letter from plaintiff's counsel seeking permission to make a motion.

      My rules are quite clear (if you bother to check them): I do not hold pre-motion conferences or grant people permission to make motions. They are also clear that I will not tolerate litigation by letter.

      I am familiar with BitTorrent copyright infringement litigation. Immediately below is a portion of my May 15, 2012 decision in *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8187 (CM), in which I set forth my limits on the type of relief sought by plaintiff in his letter:

      Any effort to take discovery prior to service in one of these matters must follow the sensible protocol adopted by Magistrate Judge Brown in *In re BitTorrent Adult Film Copyright Infringement Cases* No. 11-cv-3995, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012):

      (1)    Subpoenas may not issue seeking the telephone numbers or email addresses of the individuals who are assigned a particular IP address. Within seven days of service of each subpoena, the ISP shall reasonably attempt to identify the John Doe sued, and provide that John Doe (not plaintiff) with a copy of the subpoena and a copy of this order (which plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify plaintiff's counsel in writing, so that a record can be kept for review by the Court.

      (2)    An ISP may move to quash or otherwise object to any subpoena within 21 days. Similarly, each potential defendant shall have 21 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

(3) Absent motions to quash, the ISPs shall produce the information sought to the court, not to plaintiff, within 21 days after notifying each defendant as aforesaid. Such submission shall be ex parte and under seal. The information will be disclosed to plaintiff's counsel by the Court. No such disclosure shall include any email addresses or telephone numbers.

(4) Plaintiff may use the information disclosed, once it is received by plaintiff's counsel, only for the purpose of litigating the instant case.

Plaintiff will be subject to the same rules. Additionally, plaintiff will provide the ISP company with a copy of this order for service on the John Doe, along with any subpoena.

Plaintiff should consult this court's complete decision in Digital Sins to learn my views on personal jurisdiction. Plaintiff should be prepared to place the user of the ISP address in this district – not "near" it.

Plaintiff should become familiar with my rules and abide by them in the future.

Dated: December 12, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL